On Rehearing.
InsnEV, J.
A rehearing was granted in this case on the petition of the plaintiff’s counsel.
He has not contested any statement of law or fact in our original *171 opinion, but he now urges that his oase should be taken out oí prescription, because he asserts that Ballard was a depositary of property owned by Lillard’s creditors, and that no length of time can give a valid title when the original title was to him as a trustee.
This is not a suit for the recovery of a deposit, nor is it a suit for any specific property. It is an action for money, and we are greatly aided in determining the nature and classification of an action like the present one by the decision of our predecessors in the case of Nouvet, Syndic, v. Bollinger et al., 15 An. 293. We quote the language of that decision“The plaintiff claims that the insolvent, Ballelin, made a donation of the slave Ellen Shockley to Mrs. Bollinger (who had full knowledge of his insolvency) in order to place her beyond the pursuit of creditors, and avers the nullity of, the act of donation, whether, deemed 'fraudulent or not. The plaintiff also avers that said slave has disappeared from the possession of the insolvent and Mr. and Mrs. Bollinger, and petitioner verily believes was sold by Mrs. Bollinger for $700, to some distant purchaser. ”
The Court, upon this statement of the allegations, remarked: “If the defendant’s ancestor parted with the slave for the express purpose of defeating the rights of creditors, there can be no doubt that an action will lie to recover the value of the slave so sold or removed. The ariion is well known in the civil law as the action de alienatione judicii muiandi causa facta. And so it is said concerning such sale, Hague si alterius provincia hominem, aut potenliorem nobis, appossuerii adversarium, tenebitur. Dig. 4, 7,1. So Mackelday, says: ‘ ‘ Lorsque l’aliénation, qui n’est jamais reseindée elle-méme, consiste en ce que le possesseur d’une chose l’aliene dans la crainte d’etre actionné relativement á cette chose, celui á qui cette alienation porte prejudice a une action in faclum en dommages-intérets contre celui qui aliene.” Partie G-énérale, see. 256, edition 1846, See also, 7th Savigny, sec. 316, No. 1, to the same effect.
“The action under our law is included under the general provisions of article 2294 of the Civil Code. ”
Again, in the same case, the Court said: “We can see no good reason why he (the syndic) should not also be permitted, by the aid of courts of justice, to recover damages for property destroyed or abstractedfrom the mass, when otherwise there would be a failure of justice.”
A suit of this character having thus been decided to be a suit for damages, authorized by that article of our Code, which provides that “ every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.” The prescription applicable to this suit is obviously that of one year. Civil Code, Art. 3501.
The only remaining question is, when did this prescription of one year commence to run?
Art. 3502, declares that the prescription mentioned in the preceding article runs from the day “the damage was sustained,” du jour ou l’injure, le trouble ou le dommage á été souffert.
There is a rule, not formally announced in the Code, but fully recognized in our jurisprudence, that prescription does not run while there is an inability to sue: Oonirct non valentem agere non currit prcescriptio. The converse of this maxim is equally true, Contrd valentem agere currit prcescriptio.
*172 It has been held in numerous cases, that prescription attaches to a right the moment it can be exercised. Hennen’s Digest, Prescription, Y. (a) No. 2.
It is manifest that the plaintiff could have exercised the right of bringing this action more than one year before he did, and that the damages, if any, sustained by Dillard’s creditors, through the fraudulent acts alleged against Ballard, were sustained many years before this suit was brought.
The plaintiff in his various pleadings in the record, discloses that all the acts of Ballard, for which the damages are claimed, were known to him more than a year before he concluded to seek the remedy he is now pursuing. There was nothing to prevent him from seeking that remedy within the period limited by law for such an action, and as the prescription, sustained by our judgment, is one liberandi causa, it is immaterial whether the defendant has acted in good faith or not. C. C.349G. The neglect of the creditor operates the prescription in this case.
For these reasons, and those given in our former opinion, it is now ordered, adjudged and decreed, that the judgment heretofore rendered in this case, remain undisturbed.
Hyman, C. J.
The law of Louisiana permits persons to make simulated sales, that is to change, apparently but not really, the ownership of property.
If they are made for the purpose of defrauding creditors or not, they and those who may have claims or rights against the pretended vendor, may disregard and treat them as nullities; no other persons can do so.
The pretended vendee is but the agent of the pretended vendor, and he is responsible like any other agent to his pretended vendor, (who is his principal,) for malperformance of his duty, and prescription of ten years, only destroys the right of action of his principal for damages caused by the malperformance of duty. Oivil Code, 2956, 2971, 3508.
Judge Labauve concurs with Judge Hyman.